# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 27 2020 11:12 AM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-05996-5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

| | |
|---|---|
| BRETT GOSSETT,<br><br>                 Plaintiffs,<br>        vs.<br><br>PIERCE COUNTY AND PIERCE COUNTY SHERIFF'S DEPARTMENT, AND DEPUTY MARC PETERSHAGEN,<br><br>                 Defendants. | No.<br><br>**COMPLAINT** |

The Plaintiff, Brett Gossett, hereby makes the following claims and allegations:

## I.   PARTIES

1.1   The Plaintiff, Brett Gossett (hereinafter referred to as Plaintiff), is a resident of Kitsap County, WA.

1.2   The Defendant, Deputy Marc Petershagen, is an individual who, on June 24, 2017, was employed as a Sheriff's Deputy by the Pierce County Sheriff's Department.

1.3   Defendants Pierce County and the Pierce County Sheriff's Department are municipal entities operating in Pierce County, WA.

## II.   JURISDICTION AND VENUE

2.1 Pierce County Superior Court is the proper venue for this lawsuit.

2.2 One or more Defendants reside in Pierce County.

2.3 The acts of the Defendants which Plaintiff alleges give rise to liability in this complaint occurred in

COMPLAINT

Pierce County.

2.4 The parties to this lawsuit are within the jurisdiction of the Pierce County Superior Court.

2.5 Venue is proper in Pierce County as the events giving rise to this complaint occurred in Pierce County and one or more defendants reside in Pierce County.

### III.   FACTS

3.1.  Sections I and II are hereby incorporated, verbatim.

3.2.  On June 24, 2017 the Defendant, Deputy Petershagen, was on duty working for the Pierce County Sheriff's department.

3.3.  On June 24, 2017, a citizen notified Deputy Petershagen that a person had been seen fleeing into a nearby back yard.

3.4.  Upon investigating, Deputy Petershagen found Plaintiff in the yard.

3.5.  Deputy Petershagen ordered Plaintiff to lay on the ground, face down, and place his hands behind his back.

3.6.  Plaintiff complied, laying prone and placing both hands behind his back.

3.7.  Plaintiff did not resist Deputy Petershagen's arrest.

3.8.  Deputy Petershagen did not ask Plaintiff whether Plaintiff had a permanent injury or disability back before Touching Plaintiff.

3.9.  Deputy Petershagen placed his knee on Plaintiff's back and put his weight onto the knee before handcuffing Plaintiff.

3.10.  Plaintiff did not resist while Deputy Petershagen put his knee on Plaintiff's back.

3.11.  Plaintiff notified Deputy Petershagen that he had a history of having a broken back and that he had bene injured when Deputy Petershagen put his knee on Plaintiff's back.

3.12.  Deputy Petershagen took Plaintiff to a hospital emergency department where Plaintiff was

diagnosed with strain of muscle and tendon of back wall of thorax."

## IV. FOR A FIRST CAUSE OF ACTION
**Against Pierce County, Pierce County Sheriff's Department, and Deputy Petershagen**
**Negligence**

4.1. Sections I, II and III are hereby incorporated, verbatim.

4.2. The Defendants owed Plaintiff a duty of care, which included refraining from taking actions which would injure the Plaintiff while Plaintiff was under the control of influence of Deputy Petershagen, and, if physical contact was necessary, to protect the Plaintiff from harm, to take reasonable precautions to avoid injuring Plaintiff while restraining him.

4.3. Plaintiff was physically under Deputy Petershagen's control by obeying the deputy's voiced commands to lie on his face and place his hands behind his back.

4.4. There was no need for Deputy Petershagen to use any physical force to restrain Plaintiff further while placing cuffs on the Plaintiff.

4.5. Defendants breached their duty of care when Deputy Petershagen placed his knee on Plaintiff's back and put his bodyweight onto the knee.

4.6. Defendants breached their duty of care by failing to ask Plaintiff whether he had any injury or disability which would put him at risk before kneeling on the Plaintiff's back.

4.7. Had Deputy Petershagen learned that Plaintiff had a permanent injury from a broken back, he would have chosen some other method of controlling Plaintiff which would not have subjected his back to potential injury.

4.8. As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical bodily injury to his back, pain and suffering and emotional distress.

## V. FOR A SECOND CAUSE OF ACTION
**Against Deputy Petershagen**
**42 U.S.C. 1983**

COMPLAINT

◈ GSJONES LAW GROUP, P.S. ◈

1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ◈ Fax: (360) 876-5097

5.1. Sections I, II, III and IV are hereby incorporated, verbatim.

5.2. On June 24, 2017, Deputy Petershagen was acting under color of state law and carrying tout duties as a Sheriff's deputy when he arrested Plaintiff.

5.3. Defendant Petershagen, while acting under color of State law (his authority as a Sheriff's deputy) deprived Plaintiff of a federally protected right (Plaintiff's right to be free from unreasonable search and seizure granted by the Fourth Amendment to the U.S. Constitution) by using unnecessary and excessive force against the Plaintiff when there was no cause to do so.

5.4. As a direct and proximate result of Defendant Deputy Petershagen's unlawful actions, the Plaintiff:

   a) Suffered personal injury;

   b) Was required to submit to medical treatment;

   c) Suffered anxiety, pain, and emotional distress;

   d) Incurred attorney's fees and costs of this action.

5.5. Defendant's actions showed sufficient indifference to Plaintiff's rights to warrant an award of punitive damages pursuant to 42 U.S.C. 1983.

5.6. If successful in proving his case, Plaintiff is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. 1983.

## VI.   RELIEF REQUESTED

WHEREFORE, plaintiff prays for judgment against the Defendants in the amount of:

1. Plaintiff's special and general damages in a sum to be proven at the time of trial;

2. For Attorney's fees and costs of this action as authorized by statute;

3. Plaintiff's taxable fees and costs as authorized by statute; and

4. For such further or additional relief which the Court finds equitable, appropriate or just.

COMPLAINT

April 26, 2020

_____

Chalmers C. Johnson, WSBA # 40180

Attorney for the Plaintiff

COMPLAINT

◈ GSJONES LAW GROUP, P.S. ◈

1155 Bethel Avenue
Port Orchard, Washington 98366
Telephone: (360) 876-9221 ◈ Fax: (360) 876-5097