Robert J. Bryan, U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRETT GOSSETT,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PIERCE COUNTY AND PIERCE COUNTY SHERIFF'S DEPARTMENT, AND DEPUTY MARC PETERSHAGEN,<br><br>                    Defendants. | NO.  20-cv-05639-RJB<br><br>DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6)<br><br>Noted on Motion Docket:  July 31, 2020 |

## I.   INTRODUCTION

Come Now Defendants Pierce County, Pierce County Sheriff's Department, and Deputy Marc Petershagen through their attorneys of record, Mary Robnett, Pierce County Prosecuting Attorney, and Kristal Cowger, Deputy Prosecuting Attorney, and move to dismiss this cause of action pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6).

## II.   STATEMENT OF FACTS/PROCEDURE

Plaintiff filed this cause of action alleging claims of Negligence against Pierce County, Pierce County Sheriff's Department, and Deputy Marc Petershagen, as well as claims arising under 42 U.S.C. § 1983 against Deputy Marc Petershagen.  *See* Dkt. No. 1-2 at 4-5.  Plaintiff's claims arise out of an incident that occurred on June 24, 2017.  Plaintiff alleges that "Deputy

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 1
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Petershagen placed his knee on Plaintiff's back and put his weight onto the knee before handcuffing Plaintiff." *Id.* at 3.  He also alleges that "Plaintiff notified Deputy Petershagen that he had a history of having a broken back and that he had bene [sic] injured when Deputy Petershagen put his knee on Plaintiff's back." *Id.*  Plaintiff admits that "Deputy Petershagen took Plaintiff to a hospital emergency department" where Plaintiff was diagnosed with a "strain." *Id.* at 3-4.

### III.  ISSUES PRESENTED

1. Whether Plaintiff has failed to properly serve the Summons and Complaint?

2. Whether Pierce County Sheriff's Department is a proper party?

3. Whether Deputy Petershagen is entitled to qualified immunity from Plaintiff's claims arising under 42 U.S.C. § 1983?

4. Whether Deputy Petershagen is entitled to qualified immunity from Plaintiff's state law negligence claim?

5. Whether Plaintiff has failed to state a negligence claim against Pierce County?

### IV.  LAW AND ARGUMENT

**A.  PLAINTIFF FAILED TO PROPERLY SERVE THE SUMMONS AND COMPLAINT**

Plaintiff initially filed this matter in Pierce County Superior Court.  *See* Dkt. No. 1. Court Rule 4 of the Washington Rules for Superior Court regarding Service of Process provides in part:

> (c)  By Whom Served.  Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by the sheriff's deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party.  Subpoenas may be served as provided in rule 45.
> (d)  Service.
>   (1)  Of Summons and Complaint.  The summons and complaint shall be served together.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 2
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

>      (2)  Personal in State.  Personal service of summons and other process shall be as provided in RCW 4.28.080-.090, 23B.05.040, 23B.15.100, 46.64.040, and 48.05.200 and .210, and other statutes which provide for personal service.
>      (3)  By Publication.  Service of summons and other process by publication shall be as provided in RCW 4.28.100 and .110, 13.34.080, and 26.33.310, and other statutes which provide for service by publication.
>      (4)  Alternative to Service by Publication.  In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate.  Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered.  The envelopes must bear the return address of the sender.  The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing.  Service under this subsection has the same jurisdictional effect as service by publication.
>      (5)  Appearance.  A voluntary appearance of a defendant does not preclude the defendant's right to challenge lack of jurisdiction over the defendant's person, insufficiency of process, or insufficiency of service of process pursuant to rule 12(b).

CR4.

RCW 4.28.080 provides in part:

Summons, how served.
Service made in the modes provided in this section is personal service.  The summons shall be served by delivering a copy thereof, as follows:
(1)  If the action is against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority.
…
(16)  In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4."  *Bunch v. Mollabashy*, No. 3:13-CV-

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 3
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1075-G, 2015 WL 1378698, at *4 (N.D. Tex. Mar. 26, 2015) (*citing Pavlov v. Parsons,* 574 F. Supp. 393, 399 (S.D. Tex. 1983)).

Plaintiff has only provided proof that the Summons and Complaint were placed in a drop box outside the Pierce County Auditor's Office.  *See* Appx. A.  The Affidavit of Service claims that by putting the documents in the drop box, service was effected on Pierce County and Pierce County Sheriff's Department.  *Id.*  The Affidavit of Service does not mention Deputy Petershagen.  *Id.*  Plaintiff has not provided proof of service on Defendants Pierce County and Pierce County Sheriff's Department as required by RCW 4.28.080(1), or upon Deputy Petershagen as required by RCW 4.28.080(16).  Plaintiff's claims should be dismissed pursuant to CR 12(b)(5) for insufficient service of process.  At the very least, Deputy Petershagen should be dismissed as the Affidavit of Service does not even address an attempt to serve Deputy Petershagen with the Summons and Complaint in this matter.

**B.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    **1.    <u>Standard of Review for FRCP 12(b)(6)</u>**

Under Rule 12(b)(6), a Court examines whether a complaint's allegations "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 561-63 (2007).  Dismissal under such a motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts under such a theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990), *overruled on other grounds by Twombly,* 550 U.S. at 562-63.  A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcraft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 4
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1  that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  However, the
2  idea "that a court must accept a complaint's allegations as true is inapplicable to threadbare
3  recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*
4  Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper
5  Rule 12(b)(6) motion.  *Vasquez, v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v.*
6  *Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).  The Court "may disregard allegations
7  … if they are contradicted by facts established by reference to any documents attached as
8  exhibits, or upon which it necessarily relies; the Court also need not accept as true allegations
9  that contradict facts judicially noticed by the Court." *Ileto v. Glock, Inc.,* 194 F.Supp.2d 1040,
10  1045, 1061 n.4 (C.D. Cal., 2002), *rev'd in part on other grounds,* 349 F.3d 1191 (2003).

11  When resolving a motion under Rule 12(b)(6) the court focuses principally on the
12  complaint itself but may also consider a narrow category of additional materials.  *See* Steven
13  Baicker-McKee, William M. Janssen, and John B. Corr, FEDERAL CIVIL RULES
14  HANDBOOK, p. 467-68 (2014).  *See, also, Gumataotao v. Dir. Of Dep't of Revenue &*
15  *Taxation,* 236 F.3d 1077, 1083 (9th Cir. 2001).  Thus, the court may consider materials properly
16  submitted as part of the complaint. *Gumataotao,* 236 F.3d at 1083; *Cooper v. Picket,* 137 F.3d
17  616, 622-23 (9th Cir. 1997).  The court may also consider documents that were not attached to
18  the complaint, but upon which plaintiff's complaint necessarily relies and the authenticity of
19  which documents is not contested. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998).
20  Superseded by statute on other grounds as recognized in *Abrego v. The Dow Chemical Co.,* 443
21  F.3d 676 (9th Cir. 2006).  *See, also, Akhtar v. Mesa,* 698 F.3d 1202, 1209 (9th Cir. 2012).

22  The court may also consider materials of which the court is entitled to take judicial
23  notice.  *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994).  *See, also, United States v. 14.02*
24  *Acres of Land More or Less in Fresno County,* 547 F.3d 943, 955 (9th Cir. 2008).  This includes

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 5
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

1  judicial "… notice of proceedings of other courts both within and without the federal judicial

2  system, if those proceedings have a direct relation to matters at issue." *Pride v. Correa,* 719 F.3d

3  1130, 1134 n. 7 (9th Cir. 2013) (*quoting Trigueros v. Adams,* 658 F.3d 983, 987 (9th Cir. 2011)

4  (internal quotations and citations omitted)).  The reports and records of administrative bodies are

5  also materials of which the court is entitled to take judicial notice.  *Barron,* 13 F.3d at 1377.

6  ("Judicial notice may be taken at any stage of the proceedings."); ER 201(d).  Thus, the Court

7  may take judicial notice of the Pierce County Superior Court file in this matter, including the

8  Declaration of Service attached as Appendix "A."

9        **2.**  **Pierce County Sheriff's Department Is not a Proper Party**

10  "Under rule 17(b) of the Federal Rules of Civil Procedure, the Police Department's

11  capacity to be sued in federal court is to be determined by the law of [the state]."  *Streit v.*

12  *County of Los Angeles,* 236 F.3d 552, 565 (9th Cir. 2001) (*quoting Shaw v. State of California*

13  *Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 604 (9th Cir. 1986)).  To determine whether

14  a governmental entity is a separate legal entity that may be sued, a court (1) examines the

15  enactments that established those entities and then (2) determines whether the legal enactments

16  allow lawsuits against the governmental entity named as a defendant.  *See Roth v. Drainage*

17  *Improvement Dist. No. 5,* 64 Wn.2d 586, 588, 392 P.2d 1012 (1964).

18  Pierce County Sheriff's Department is not an entity capable of being sued because it is an

19  "executive branch department" of Pierce County.  *See* P.C. Charter Art. 3, § 3.70; PCC 2.06.020

20  A&D.  The Washington statute governing counties' susceptibility to suit does not include county

21  departments as capable of being sued.  *See Roth,* 64 Wn.2d at 588 (drainage district "is not a

22  municipal corporation or a quasi-municipal corporation and does not have the capacity to sue or

23  be sued"); *Foothills Dev. Co. v. Clark County Bd. Of County Commissioners,* 46 Wn.App. 369,

24  377 (1986) (Board of Commissioners "is not a separate entity that has the capacity to be sued.");

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 6
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax: (253) 798-6713

*see, also, Nolan v. Snohomish County,* 59 Wn.App. 876, 883 (1990) (County Council was not a legal entity capable of being sued.); *Wright v. City of Las Vegas,* 395 F.Supp. 789, 794 (D. Iowa 2005) (departments of political subdivisions may not [be sued]").  As it is not a proper party to the suit, Defendant Pierce County Sheriff's Department must be dismissed.

### 3. Deputy Petershagen Is Qualifiedly Immune from Liability for Plaintiff's Federal Claims

"When deciding whether a public official is immune from liability for acts performed in [his or her] official capacity, qualified immunity is the general rule."  *Mabe v. San Berdardino County,* 237 F.3d 1101, 1106 (9th Cir. 2001); *see, also, Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1108 (9th Cir. 1987) (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982)).  Qualified immunity is required where an official's conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow,* 457 U.S. at 818; *see, also, Conn. v. Gabbert,* 526 U.S. 286, 290 (1999); *Anderson v. Creighton,* 483 U.S. 635, 641 (1987).  The issue then is a "purely legal" one.  *Mitchell v. Fosyth,* 472 U.S. 511, 530 (1985); *see, also, Crawford-El v. Britton,* 523 U.S. 574 (1998).  There is a presumption in favor of immunity for officials acting in their individual capacities.  *Hidahl v. Gilpin County DDS,* 938 F.2d 1150, 1155 (10th Cir. 1991).

Qualified immunity shields an officer from suit when he or she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he or she confronted.  *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004) (*citing Saucier v. Katz,* 533 U.S. 194, 206 (2001)).  Qualified immunity is more than a mere defense to liability; it is "an entitlement not to stand trial or face other burdens of litigation," and "is effectively lost if a case is erroneously permitted to go to trial."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  For this reason, the Supreme Court has stressed "the importance of resolving immunity questions at the

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 7
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (*citing Harlow*, 457 U.S. at 818).

"[T]he plaintiff bears the burden of proving that the defendants violated a law that was clearly established." *Lenz v. Dewey,* 64 F.3d 547, 550 (10th Cir. 1995); *see, also, Foster v. City of Lake Jackson,* 28 F.3d 425, 428 (5th Cir. 1994); *Rich v. City of Mayfield Heights,* 955 F.2d 1092 (6th Cir. 1992); *Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir. 1988). To overcome qualified immunity a plaintiff must do more "than identify a clearly established legal test and then allege that the defendant has violated it" but "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Hannula v. City of Lakewood,* 907 F.2d 129, 121 (10th Cir. 1990).

"[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach." *Graham v. Conner,* 490 U.S. 386, 395 (1989). That analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing government interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Graham,* 490 U.S. at 396. In assessing reasonableness, the court should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396; *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010). These factors are not exclusive, and the Court should consider the totality of the circumstances. *Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir. 2011) (en banc). Additionally, "[t]he 'reasonableness' of

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 8
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713

a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham,* 490 U.S. at 396.  "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham,* 490 U.S. at 396-97.  Police officers "need not avail themselves of the least intrusive means of responding;" rather, they need only act "within that range of conduct [identified] as reasonable." *Billington v. Smith*, 292 F.3d 1177, 1188-89 (9th Cir. 2002).

Handcuffing is an appropriate response to safety concerns of officers during investigative detentions. *Muehler v. Mena,* 544 U.S. 93, 100 (2005).  "[I]n nearly every situation where an arrest is authorized, or police reasonably believe public safety requires physical restraint, handcuffing is appropriate." *Fisher,* 584 F.3d at 896 (*citing Cortez,* 478 F.3d at 1130).  In a handcuffing case "to recover on an excessive force claim, a plaintiff must show:  (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not diminimis." *Cortez v. McCauley,* 478 F.3d 1108, 1129 n. 25 (10th Cir. 2007).  Officers are "authorized to take such steps as [are] reasonably necessary to protect their personal safety and maintain the status quo during the stop." *United States v. Hensley,* 469 U.S. 221, 235 (1985).  Looking at decisions of other courts, an officer did not use excessive force when handcuffing a plaintiff's arms behind the plaintiff's back, even though the handcuffing led to eventual amputation of plaintiff's arm, because the officer did not know that plaintiff had a pre-existing injury. *Rodriguez v. Farrell,* 280 F.3d 1341, 1352-53 (11th Cir. 2002).  Another court found that plaintiff did not have an excessive force claim, where plaintiff did not complain to the officers that the handcuffing

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 9
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

caused pain.  *Lyons v. City of Xenia,* 417 F.3d 565, 576 (6th Cir. 2005).  Both situations are similar to this case, as Deputy Petershagen did not know that Plaintiff had previous back problems when he used his knee to hold Plaintiff down and secure the handcuffs.  Additionally, in this matter Plaintiff did not notify Deputy Petershagen that he had previous back problems until the handcuffs were secured and Deputy Petershagen's knee was no longer being used to effectuate the handcuffing.  *See* Dkt. No. 1-2 at 3.  In yet another case, where a plaintiff claimed excessive force because his handcuffs were too tight, a court determined that since there was no indication that the arrest was effectuated in an unusual or improper manner, the excessive force claim had no merit.  *Braun v. Baldwin,* 346 F.3d 761, 763 (7th Cir. 2003).

        Plaintiff does not dispute the initial decision to handcuff, and only addresses in his Complaint the way Deputy Petershagen handcuffed him.  *See* Dkt. No. 1-2 at 3.  Plaintiff admits in the Complaint that "a citizen notified Deputy Petershagen that a person had been seen fleeing into a nearby backyard." Dkt. 1-2 at 3.  Deputy Petershagen had reason to detain Plaintiff to investigate the situation.  There is no indication that the handcuffing and arrest was effectuated in an improper manner.  Deputy Petershagen held his knee on Plaintiff's back to hold Plaintiff down while he was securing the handcuffs, since Plaintiff has recently been fleeing.  Deputy Petershagen then removed the knee, and there was no further incident.  Plaintiff was then taken to the emergency room for evaluation, where he was diagnosed with a strain injury.

        Plaintiff has not identified a specific law that was violated by the handcuffing that took place, Deputy Petershagen was unaware the Plaintiff allegedly had a prior back injury, Plaintiff did not notify Deputy Petershagen of his alleged back injury until after the handcuffing took place, and there is no prior law establishing that the manner in which Plaintiff was handcuffed was improper.  Deputy Petershagen is entitled to qualified immunity related to Plaintiff's claims under 42 U.S.C. § 1983.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 10
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

**4.       Deputy Petershagen Is Entitled to Qualified Immunity from Plaintiff's State Law Negligence Claim**

The public interest "is best served by allowing government officials to do their jobs without fear of liability." *Feis v. King Cnty. Sheriff's Dep't.*, 165 Wn.App. 525, 538 (2001). Consequently, a claimed immunity "is not a mere defense to liability, but, rather is an 'entitlement not to stand trial or face the other burdens of litigation.'" *See Feis* at 538, *quoting Mitchell,* 472 U.S. at 526.  The question of immunity ordinarily should be decided by the court long before trial." *Hunter v. Bryant,* 502 U.S. 224, 228 (1991).  "Qualified immunity protects government officials from insubstantial suits and harassing litigation while at the same time not foreclosing suits for damages which may be the only realistic avenue for the vindication of constitutional rights of the plaintiff." *Robinson v. City of Seattle,* 119 Wn.2d 34, 64, 830 P.2d 318, 336 (1992) (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 814 (1982)).  Under Washington law, "an officer has a qualified immunity from liability for negligence or defamation when the officer (1) carries out a statutory duty, (2) according to procedure dictated to him by statute and superiors, and (3) acts reasonably." *McKinney v. City of Tukwila,* 103 Wn.App. 391, 407 (2000) (*citing Staats v. Brown,* 139 Wn.2d 757, 778, 991 P.2d 615 (2000) (*quoting Guffey v. State,* 103 Wn.2d 144, 152, 690 P.2d 1163 (1984))).  "Qualified immunity from suit must be granted when the law or right allegedly violated is not clearly established." *Robinson,* 119 Wn.2d at 65 (*citing Conner v. Santa Ana,* 897 F.2d 1487, 1492 (9th Cir. 1990).  "[W]hen available, the defendant's entitlement to qualified immunity may be established as a matter of law …." *Robinson,* 119 Wn.2d at 65.  "Once the affirmative defense of qualified immunity has been raised in a case ... the plaintiff bears the burden of demonstrating the evidence of the allegedly 'clearly established' constitutional right." *Id.* at 66 (*citing Mitchell,* 472 U.S. at 526).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 11
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

As outlined above, officers are "authorized to take such steps as [are] reasonably necessary to protect their personal safety and maintain the status quo during the stop." *Hensley,* 469 U.S. at 235.  Here, Plaintiff has not contested the fact of the detention and subsequent arrest, nor has Plaintiff contested the handcuffing itself.  Plaintiff only raises an issue with the manner of the handcuffing.  Deputy Petershagen took the steps reasonably necessary to detain Plaintiff, who had been fleeing.  He used his knee to hold Plaintiff in place and secure the handcuffs, then removed his knee once the handcuffs were secure.  Qualified immunity must be granted here from Plaintiff's negligence claims alleged under Washington State law, as Plaintiff cannot identify any clearly established law that was violated based on the manner of handcuffing of Plaintiff.

### 5. Plaintiff Has No State Law Negligence Claim Against Pierce County

To prove an action for negligence, the Plaintiff must demonstrate that the Defendant owed a duty to him, breached this duty, and that this breach proximately caused the Plaintiff's injury.  *Hertog v. City of Seattle,* 138 Wn.2d 265, 275, 979 P.2d 400 (1999).  Plaintiff must prove each of the following elements by a preponderance of the evidence:  (1) duty; (2) breach; (3) injury; and (4) proximate cause.  *See, e.g., Hutchins v. 1001 Fourth Ave. Assoc.,* 116 Wn.2d 217, 802 P.2d 1360 (1991).  The threshold determination "is a question of law; this is, whether a duty of care is owed by the defendant to the plaintiff."  *Taylor v. Stevens County,* 111 Wn.2d 159, 163, 759 P.2d 447 (1988).

"As a general rule, law enforcement activities are not reachable in negligence."  *Keates v. City of Vancouver,* 73 Wn.App. 257, 267, 869 P.2d 88 (1994). "Under  the public duty doctrine, "[w]hen the defendant is a public official ... no liability will attach for a public official's negligent conduct unless the plaintiff can show that the duty was owed to [him] rather than to the general public."  *Lawson v. City of Seattle,* No. C12-1994-MAT, 2014 WL 1593350 (W.D.Wash.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 12
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

Apr. 21, 2014) (*quoting Donaldson v. City of Seattle,* 65 Wn.App. 661, 666, 831 P.2d 1098 (1992) (*citing Taylor v. Stevens Cnty.,* 111 Wn.2d 159, 759 P.2d 447, 449-50 (1988))).  "[W]hile it is true that a municipality owes a general duty to all its citizens to avoid the use of excessive force when effectuating an arrest, it cannot be said that they owe[ ] [Plaintiff] a specific duty."  *Pearson v. Davis,* No. C06-5444-RBL, 2007 WL 3051250 (W.D.Wash. Oct. 17, 2007).

In this matter, Plaintiff's negligence claims are barred by the public duty doctrine because Plaintiff has failed to identify any duty specifically owed to him, or an exception to the public duty doctrine.

## IV.   CONCLUSION

Pierce County Defendants respectfully request that the Court dismiss all of Plaintiff's claims against them.  Plaintiff has failed to properly serve any Defendant, and has failed to state a claim upon which relief can be granted against any Defendant.

DATED this 8th day of July, 2020.

> MARY E. ROBNETT
> Prosecuting Attorney
>
> s/ KRISTAL M. COWGER
> KRISTAL M. COWGER, WSBA # 43079
> Pierce County Prosecutor / Civil
> 955 Tacoma Avenue South, Suite 301
> Tacoma, WA  98402-2160
> Ph: 253-798-4265 / Fax: 253-798-6713
> kristal.cowger@piercecountywa.gov

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 13
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main:  (253) 798-6732 / Fax:  (253) 798-6713

# **CERTIFICATE OF SERVICE**

On July 8, 2020, I hereby certify that I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) and PROPOSED ORDER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Chalmers C. Johnson:** chalmersjohnson@gmail.com, longshotlaw3@gmail.com

s/ CHRISTINA WOODCOCK
CHRISTINA WOODCOCK
Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph: 253-798-7732 / Fax: 253-798-6713

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) and 12(b)(6) - 14
Gossett 12(b)(6) MTD.docx
Cause No. 20-cv-05639-RJB

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main: (253) 798-6732 / Fax: (253) 798-6713