1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

BRETT GOSSETT,                              CASE NO. C20-5639 RJB

                        Plaintiff,          ORDER ON DEFENDANTS'
      v.                                    MOTION TO DISMISS

PIERCE COUNTY, *et al*.,

                        Defendants.

12

13

14

15

16      This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to FRCP

17  12(b)(5) and 12(b)(6) ("Motion to Dismiss"). Dkt. 5. The Court has considered the pleadings

18  filed in support of and in opposition to the motions and the file herein. As discussed below,

19  Plaintiff's attempts at service of process were successful as to Defendant Pierce County only,

20  Defendant Pierce County Sheriff Department should be dismissed, and the Motion to Dismiss

21  should be renoted for consideration of the remaining issues on August 21, 2020.

22

23

24

1

## I.   **FACTUAL BACKGROUND**

2   **A. FACTS[1]**

3        Plaintiff makes a negligence claim and a 42 U.S.C. § 1983 claim alleging violation of the

4   Fourth Amendment (unnecessary and excessive force) against Defendants stemming from a June

5   24, 2017 arrest conducted by Pierce County Sherriff Deputy Marc Petershagen. Dkt. 1-2. A

6   citizen notified Deputy Petershagen that a person had been seen fleeing into a backyard. Dkt. 1-

7   2, at 3. Deputy Petershagen found Plaintiff in a backyard and ordered him to lay on the ground

8   face down and place his hands behind his back. Dkt. 1-2, at 3. Plaintiff complied by laying prone

9   and placing his hands behind his back. Dkt. 1-2, at 3. Plaintiff did not resist arrest. Dkt. 1-2, at 3.

10  Deputy Petershagen did not ask whether Plaintiff had a permanent injury or disability before

11  touching Plaintiff. Dkt. 1-2, at 3. Deputy Petershagen placed his knee on Plaintiff's back and put

12  his weight onto the knee before handcuffing Plaintiff. Dkt. 1-2, at 3. Plaintiff notified Deputy

13  Petershagen that he had a history of having a broken back and that he had had been injured when

14  Deputy Petershagen put his knee on Plaintiff's back. Dkt. 1-2, at 3. Deputy Petershagen took

15  Plaintiff to a hospital, where Plaintiff was "diagnosed with a strain of muscle and tendon of back

16  wall of thorax." Dkt. 1-2, at 3–4.

17        On April 27, 2020, Plaintiff filed this action in the Pierce County Superior Court. Dkt. 1-

18  2. On July 1, 2020, Defendants removed the case to federal court. Dkt. 1.

19  **B. PENDING MOTION**

20        Defendants filed the instant Motion to Dismiss on July 8, 2020. Dkt. 5. Defendants'

21  Motion to Dismiss offers four primary arguments: First, that Plaintiff failed to properly serve the

22

23  ---

[1] The facts alleged in Plaintiff's complaint are taken as true for purposes of this order on Defendants' Motion to
24  Dismiss only.

summons and complaint. Defendants argue that Plaintiff's proof of service makes no mention of Deputy Petershagen and shows only that a copy of the summons and complaint were placed in a drop box outside the Pierce County Auditor's Office. Dkt. 5, at 4. Second, that Pierce County Sherriff's Department is not a proper party to this action. Dkt. 5. Third, that Deputy Petershagen is entitled to qualified immunity from Plaintiff's claims. Finally, that Plaintiff has not stated a negligence claim against Defendant Pierce County. Dkt. 5.[2]

Plaintiff filed a response in opposition to Defendants' Motion to Dismiss. Dkt. 8. Plaintiff opposes Defendants' arguments but offers no objection to dismissing the Pierce County Sherriff's Department as a party. Dkt. 8, at 5. Plaintiff, in part, argues that Defendants have voluntarily submitted to the jurisdiction of the Court and should be estopped from alleging that this action was not properly commenced.

Defendants filed a reply in support of the instant Motion to Dismiss. Dkt. 9.

## II.   DISCUSSION

### A.  MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

#### 1.  Legal Standard

Rule 12(b)(5) allows a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). A federal court cannot exercise jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.,* 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "'neither actual notice nor simply naming the defendant in the complaint will provide

---

[2] This order discusses only the first and second issues. As discussed below, the remaining issues should be renoted for consideration on August 21, 2002.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 3

1  personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*,

2  807 F.2d 1514 (9th Cir. 1987)).

3      "Once service is challenged, [a] plaintiff[ ] bear[s] the burden of establishing that service

4  was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A plaintiff

5  meets his prima facie burden to show that service was proper by producing the process server's

6  affidavit of service. *Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 WL

7  12560870, at *2 (C.D. Cal. July 23, 2014). "Unless some defect in service is shown on the face

8  of the return, a motion to dismiss under Rule 12(b)(5) requires [the] defendant to produce

9  affidavits, discovery materials, or other admissible evidence establishing the lack of proper

10  service." *Id.* (internal quotation omitted). The burden then shifts back to the plaintiff "to produce

11  evidence showing that the service was proper, or creating an issue of fact requiring an

12  evidentiary hearing to resolve." *Id.* (internal quotation omitted).

13      In some instances, Rule 4 may be liberally construed "so long as a party receives

14  sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta

15  Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984). The Ninth Circuit has held that failure to strictly

16  comply with service requirements does not warrant dismissal if: "(a) the party that had to be

17  served personally received actual notice, (b) the defendant would suffer no prejudice from the

18  defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the

19  plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739

20  F.2d 444, 447 (9th Cir. 1984) (internal quotation omitted).

21      Plaintiff initially filed this action in Pierce County Superior Court. Dkt. 1-2. Court Rule 4

22  of the Washington Rules for Superior Court regarding Service of Process provides, in part, as

23  follows:

24

ORDER ON DEFENDANTS' MOTION TO DISMISS - 4

**(c) By Whom Served**. Service of summons and process, except when service is by publication, shall be by the sheriff of the county wherein the service is made, or by the sheriff's deputy, or by any person over 18 years of age who is competent to be a witness in the action, other than a party. Subpoenas may be served as provided in rule 45.

**(d) Service.**

*(1) Of Summons and Complaint*. The summons and complaint shall be served together.

*(2) Personal in State*. Personal service of summons and other process shall be as provided in RCW 4.28.080-.090, 23B.05.040, 23B.15.100, 46.64.040, and 48.05.200 and .210, and other statutes which provide for personal service.

*(3) By Publication*. Service of summons and other process by publication shall be as provided in RCW 4.28.100 and .110, 13.34.080, and 26.33.310, and other statutes which provide for service by publication.

*(4) Alternative to Service by Publication*. In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a form of mail requiring a signed receipt showing when and to whom it was delivered. The envelopes must bear the return address of the sender. The summons shall contain the date it was deposited in the mail and shall require the defendant to appear and answer the complaint within 90 days from the date of mailing. Service under this subsection has the same jurisdictional effect as service by publication.

*(5) Appearance*. A voluntary appearance of a defendant does not preclude the defendant's right to challenge lack of jurisdiction over the defendant's person, insufficiency of process, or insufficiency of service of process pursuant to rule 12(b).

ORDER ON DEFENDANTS' MOTION TO DISMISS - 5

1    CR 4(c)–(d) (emphasis in original).

2         RCW 4.28.080 provides, in part, as follows:

3         Service made in the modes provided in this section is personal
         service. The summons shall be served by delivering a copy thereof,
4         as follows:

5         (1) If the action is against any county in this state, to the county
         auditor or, during normal office hours, to the deputy auditor, or in
6         the case of a charter county, summons may be served upon the
         agent, if any, designated by the legislative authority.

7              ….

8
9         (16) In all other cases, to the defendant personally, or by leaving a
         copy of the summons at the house of his or her usual abode with
         some person of suitable age and discretion then resident therein.
10
11        (17) In lieu of service under subsection (16) of this section, where
         the person cannot with reasonable diligence be served as described,
12        the summons may be served as provided in this subsection, and
         shall be deemed complete on the tenth day after the required
13        mailing: By leaving a copy at his or her usual mailing address with
         a person of suitable age and discretion who is a resident,
14        proprietor, or agent thereof, and by thereafter mailing a copy by
         first-class mail, postage prepaid, to the person to be served at his or
15        her usual mailing address. For the purposes of this subsection,
         "usual mailing address" does not include a United States postal
         service post office box or the person's place of employment.
16
17        If a plaintiff is unable to satisfy his burden of demonstrating effective service of process,

18   the court has broad discretion to either dismiss the complaint or quash the attempted service of

19   process. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens*

20   *v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). Where there is a reasonable

21   prospect that service may yet be accomplished and no unfair prejudice to the defendant, a court

22   should quash service rather than dismiss the action and permit the plaintiff to effect proper

23   service. *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D.

24   Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). A court

ORDER ON DEFENDANTS' MOTION TO DISMISS - 6

must extend the time limit for service under Rule 4(m)[3] if a plaintiff shows good cause for failure to timely serve a defendant. *Efaw v. Williams, 473 F.3d 1038, 1040* (9th Cir. 2007). Even without good cause, the court has broad discretion to extend the time for service. *Id.* In exercising this discretion, the court may consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.* at 1040–41.

      2.  <u>Analysis</u>

      The Court should quash Plaintiff's attempted service of process as to Deputy Petershagen only, and grant an extension of time to perfect service of process on him.

      Defendants suggest that placing the summons and complaint in a drop box outside the auditor's office was insufficient service of process (Dkt. 5, at 4), but Plaintiff's service notes provide that:

> The auditors office is using a drop box service now because of the Covid-19 Stay at Home Order. The security guard let me know that they come out every 30 minutes to check the box. He said they should be out in about 5 minutes to check it one more time because it's at the end of the day.

Dkt. 8-1, at 3.

      Plaintiff argues that Defendants have unjustly impeded service of process by "putting the Auditor [(the statutory recipient for service of process under RCW 4.28.080)] in a position where he or she cannot be served for 'safety' and then moving to dismiss a case when the process

---

[3] Fed. R Civ. P. 4(m) is as follows:

> (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

servicer does comply with the safety protocol put in place." Dkt. 8, at 3. Moreover, Plaintiff argues that Defendants have voluntarily submitted themselves to the jurisdiction of the Court by appearing and removing this action to federal court. Dkt. 8, at 1. Plaintiff requests that the Court find that Defendants have thus waived any right to challenge this action on the basis of service of process defects. Dkt. 8, at 3.

Although Plaintiff's attempt at service under COVID-19 precautions appears sufficient as to Defendant Pierce County, Plaintiff's declaration of service is silent as to Deputy Petershagen. *See* Dkt. 7-1, at 8–9. Moreover, Defendants have not waived the issue of insufficient service of process. *See* Dkt. 7-1, at 10–11 (Defendants' notice of appearance states that they "enter their appearance herein without waiving, among other things, the question of: … Lack of jurisdiction over the person; … [and] Insufficiency of process."). Therefore, Deputy Petershagen has not been properly served.

The Court should permit Plaintiff additional time to perfect service of process on Deputy Petershagen. Nothing suggests that permitting Plaintiff an opportunity to perfect service of process on Deputy Petershagen would unfairly prejudice Defendants, each of whom appears to have notice of the summons and complaint and is represented by counsel who has filed a notice of appearance in this action. *See* Dkt. 7-1, at 10.

Based on the *Borzeka* factors above, despite improper service of process on Deputy Petershagen, the Court should not dismiss this case. *See Borzeka* 739 F.2d at 447. First, the Defendants have received actual notice of this action. *See* Dkt. 7-1, at 10. Second, it does not appear that Defendants have suffered prejudice from improper service on Deputy Petershagen. Third, in light of the COVID-19 precautions in place at the Pierce County Auditor's Office and Plaintiff's reasonable attempt at effecting service of process, there is a justifiable excuse for

improper service of process on Deputy Petershagen. Finally, Plaintiff would be severely prejudiced if his complaint were dismissed despite his reasonable attempt at service of process.

The service, through the Auditor, does not cover an employee of the County, Deputy Petershagen, who is being sued in his individual capacity. The attempted service should be quashed as to Deputy Petershagen only. The Court should exercise its discretion to grant Plaintiff until August 21, 2020, to perfect service of process on Deputy Petershagen. Of course, if Deputy Petershagen agrees to accept service, or waive his objections, it may save time and money for all concerned.

**B.  PIERCE COUNTY SHERRIFF'S DEPARTMENT**

Defendant Pierce County Sheriff's Department is not a legal entity subject to suit. *See McCamey v. Snohomish Cty. Sheriff's Office,* No. C17-0063JCC-BAT, 2017 WL 1504234, at *2 (W.D. Wash. Mar. 29, 2017), *report and recommendation adopted*, 2017 WL 1496437 (W.D. Wash. Apr. 25, 2017) (A plaintiff "must name the city or county itself as a party to the action, not the particular municipal department or facility where the alleged violation occurred."); *Mays v. Pierce Cty.,* No. C14-5291RBL, 2015 WL 5102600, at *3 (W.D. Wash. Aug. 28, 2015) ("The capacity to be sued is limited to the county itself."); *Dunkle v. Kitsap Cty. Sherriffs Office Jail*, C14-5642 RBL-KLS, 2014 WL 5334275, at *1 (W.D. Wash. Oct. 20, 2014) ("In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred."). Moreover, Plaintiff does not oppose dismissal of Defendant Pierce County Sheriff's Department.

Therefore, Defendant Pierce County Sheriff's Department should be dismissed.

**C.  RENOTING MOTION**

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).

The Court should reserve deciding the remaining issues of the instant Motion to Dismiss until the service of process deadline and should renote the instant motion for consideration of the remaining issues on August 21, 2020.

### III.     ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion to Dismiss (Dkt. 5) is **GRANTED, IN PART, and DENIED, IN PART:**

  - The motion's request for dismissal due to insufficient service of process is **DENIED.** Service on Defendant Pierce County was adequate. Plaintiff's attempt at service is **QUASHED** as to Deputy Petershagen only**.** The deadline for Plaintiff to perfect service of process on Deputy Petershagen is extended to **August 21, 2020**;

  - The motion's request to dismiss Defendant Pierce County Sheriff's Department is **GRANTED.** Defendant Pierce County Sheriff's Department is **DISMISSED;** and

  - The Court reserves deciding the remaining issues of Defendants' Motion to Dismiss (Dkt. 5) and **RENOTES** the motion for consideration on **August 21, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of August, 2020.

ROBERT J. BRYAN
United States District Judge